## JACOB BAILEY. 2D, v. LEANDER QUINT.

The lien, which the owner of a saw mill has upon lumber which is sawed by him at his mill, for the payment of the price of sawing, is waived, if he voluntarily permit the owner of the lumber to remove it from his possession; and the owner of the lumber may sustain trespass for a subsequent taking of the property by a stranger.

If the purchaser of personal property remove it from the possession of the vendee to premises occupied by a third person, by permission of the owner of the premises, it is a sufficient change of the possession of the property, as against the creditors of the vendor, although the owner of the premises, to which the property was removed, were not informed of the sale.

TROVER for a quantity of boards. Plea, the general issue, with notice, that the defendant attached and sold the property, in due form of law, as sheriff, as the property of one Harrison Bailey, upon process against Harrison Bailey and others in favor of one Buchanan. Trial by jury, June Term, 1849, REDFIELD, J., presiding.

The evidence tended to prove, that the logs, from which the boards in question were sawed, were the property of Harrison Bailey, and that he procured them to be sawed at a mill owned by William Bolton and occupied by John Bolton ; that after the boards were sawed, the mill yard being filled, they were, at the request of John Bolton, drawn away from the mill premises and piled by the side of the road ; that subsequently Harrison Bailey, being indebted to the plaintiff, sold to him the boards in question, and either the plaintiff, or Harrison, (but which did not appear, although they were both near,) applied to John Bolton for permission to put the boards in the mill shed, and he referred them to William Bolton ; that one of them, and the testimony tended to show that it was the plaintiff, then applied to William Bolton, and by his permission the boards were placed by Harrison and the plaintiff in the mill shed, and there remained until they were attached by the defendant. It did not appear, that either John Bolton or William Bolton was informed, that Harrison had sold the boards to the plaintiff, at the time they were placed in the mill shed. The mill owners claimed no lien upon the boards, until the defendant sold them, or was about to sell them, when a claim by way of lien for the sawing was asserted, and something was paid by the defendant on that account.

The defendant requested the court to charge the jury, that, if the property were in the possession of John Bolton at the time of the sale from Harrison Bailey to the plaintiff, it must appear, in order to show a change of possession, that the plaintiff notified Bolton of the sale to him, and that Bolton must have consented to keep the property for the plaintiff ;—that if the jury found, that the plaintiff and Harrison Bailey applied to John Bolton for leave to place the boards in the shed, and John Bolton referred them to William Bolton, yet that if the plaintiff did ask and obtain leave of William, it would not amount to a change of possession, unless he was notified of the sale to the plaintiff ;—and that, if Bolton had a lien upon the boards for sawing them, at the commencement of this suit, and at the time of

the sale of the boards upon the execution, and had the possession of the property, the plaintiff cannot sustain this action.

But the court charged the jury, that if the boards were the property of Harrison Bailey, and he sold them to the plaintiff in payment for a debt justly due, and the plaintiff applied to the owner and the occupant of the mill, and obtained permission to put the boards in the mill shed, and, in pursuance thereof, did place them there,— although neither the owner or occupier of the mill were informed by him of his purchase of the boards,—it was, nevertheless, a sufficient change of possession to enable the plaintiff to hold the property; and that the fact, that the occupant or owner of the mill had a lien for sawing the boards, would not prevent the plaintiff from holding the boards against the defendant's attachment,—that being a question between the plaintiff and the persons in whose favor the lien existed.

Verdict for plaintiff. Exceptions by defendant.

*A. Underwood*, for defendant, cited *Pierce v. Chapman*, 8 Vt. 334; *Stiles* v. *Shumway*, 16 Vt. 435; *Hall* v. *Parsons*, 17 Vt. 271; 1 Chit. Pl. 137.

*C. B. Leslie*, for plaintiff, cited 2 Aik. 79, 115; 3 Steph. N. P. 2692, 2695; 1 Sw. Dig. 539; 3 Hill 485, cited in 6 Law Rep. 232; *Foster ex parte*, 5 Law Rep. 55; 2 T. R. 485; 9 Dane's Abr. 157; *Wetherbee* v. *Foster*, 5 Vt. 136; *Brackett et ux.* v. *Wait et al.*, 6 Vt. 411.

The opinion of the court was delivered by

REDFIELD, J. It may be true, that the existence and exercise of a lien will defeat the right of the general owner of personal property to maintain trespass; but it must, most clearly, be a lien in exercise before the trespass is committed. If the person, in whose favor the lien would exist, had never asserted it, the mere existence of some such dormant right could not be permitted, I think, to defeat the action of the general owner for a trespass, or conversion, committed by a mere stranger. But we think the facts in this case show, that the sawyer had virtually parted with the possession of the boards, before Harrison Bailey sold them to the plaintiff;—and es-

pecially, when the plaintiff made known to John Bolton, the sawyer, his intention to put the boards in a mill shed, which John Bolton did not claim to control, but of which he virtually disclaimed any control, by referring the plaintiff to William Bolton, the owner of the shed,—all the time making no claim to any lien for sawing,—we think his lien must be considered as waived, he having fully relinquished the possession, or control. Upon the same ground, too, we think it must be considered, that the plaintiff did remove the boards from the possession either of Harrison Bailey, or of John Bolton,—and more properly, we think, the former,—into the possession of William Bolton. We entertain no doubt, that this was a sufficient change of the possession to perfect his title, even against the creditors of Harrison Bailey.

Judgment affirmed.